## No. 1319.

### EASTIN & BREAUX VS. BOARD OF SCHOOL DIRECTORS.

When the principal and sureties on an official bond are sued together, the judgment as to the principal is *res adjudicata* as to the sureties, and within the limit of the amounts for which they are held under the terms of their bond, they are bound to make good the entire judgment against the principal, including the penalty.

Eastin & Breaux vs. School Directors.

A PPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Debaillon*, J.

*M. E. Girard & Crow Girard* for Plaintiffs and Appellants.

*R. C. Smedes*, District Attorney, and *C. D. Caffery* for Defendants and Appellees :

1. He who pleads payment must prove it by preponderance of evidence and beyond doubt. 18 Ann. 228 ; 23 Ann. 84 ; 24 Ann. 288.
2. The plea of payment admits the validity of the obligation.   9 Ann.  528 ; 12 L. 397 ; 14 Ann. 54 ; 25 Ann. 172 ; Hen. Dig. p. 1150, 47 No. 6.
3. Facts which could have been urged before payment cannot be urged as grounds for an injunction.   21 Ann. 465 ; 26 Ann. 34 ; Louque, p. 311 (b), 27 No. 3.
4. The plea of general denial puts at issue all the allegations of plaintiff's petition, and the judgment thereon will form *res judicata* as between the parties.
5. The surety is liable for the five per cent per month penalty imposed upon a defaulting school treasurer.   7 Ann. 121–596 ; 10 Ann. 492 ; 14 Ann. 679.

The opinion of the Court was delivered by

FENNER, J.   The board of school directors brought suit on the official bond of J. N. Judice, against him and his sureties, Eastin and Breaux, to recover a sum of $2641.72, for which said Judice, as treasurer of the board, was a defaulter, in which they recovered judgment against Judice "for $2641.72, with five per cent per month interest thereon from August, 1886," and against Breaux and Eastin, each, "for the sum of $2500, with legal interest of five per cent per annum from judicial demand"—$2500 being the amount for which each had bound himself as surety on the bond.

This judgment was appealed from and affirmed by this Court. School Directors vs. Judice, 39 Ann. 896.

That this judgment operates as *res adjudicata* as to the amount of Judice's indebtedness binding on all the parties to that suit, does not admit of question.

It does not lie in the mouth of the present plaintiffs to dispute its correctness.

The judgment against themselves for $2500 each, with legal interest, is equally beyond dispute ; but, as they are sureties only, of course that judgment can be enforced against them only to the extent necessary to satisfy the judgment against their principal.

But to the extent of their principal's liability and within the limit of the judgment against themselves, they are undoubtedly and irrevocably bound.

The board issued execution on its judgment for the total amount of the judgment against Judice, including the penalty of five per cent

per month. The sureties claim that they are only liable for the principal amount, with legal interest, and on this ground they enjoin the execution.

There is not the slightest merit in their contention. It is not pretended that more is claimed of either of them than the amount for which they were adjudged to be liable; and within that limit they are unquestionably bound for the debt and penalty adjudged against Judice.

It is well settled that sureties on official bonds are liable for the penalty as well as for the principal amount of the claim against the officer. 7 Ann. 121, 596; 10 Ann, 492; 14 Ann. 679; State vs. Powell, 40 Ann.

The judge did not err in dissolving the injunction.

Judgment affirmed.